UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TONYA WARE, MICHAEL KRONE, and LITA BRYANT,<br><br>    Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>    Defendant. | Case No. 4:20-cv-01561-JCH |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant Novartis Pharmaceuticals Corporation's ("Novartis") motion to dismiss lacks merit and should be denied.

*First*, Novartis's argument that Plaintiffs are without standing is based on the flawed premise that Plaintiffs are asserting a survivor claim under Mo. Rev. Stat. § 537.020. But Plaintiffs are not bringing such a claim—instead bringing a wrongful death claim under Mo. Rev. Stat. § 537.080. The wrongful death statute expressly gives Plaintiffs—the Decedent's surviving children—the right to sue in their individual capacities.

*Second*, Novartis's motion to dismiss under Rule 12(b)(6) on statute of limitations grounds is also without merit. As Novartis concedes, the parties entered into a tolling agreement that affects the statute of limitations analysis. This agreement is not before the Court, nor is any of the evidence necessary to apply the agreement to the facts of this case. Under established precedent, the existence of these factual issues precludes resolution of Novartis's statute of limitations defense on a motion to dismiss.

1

# ARGUMENT

## A. Plaintiffs Have Standing to Sue for Wrongful Death under Mo. Rev. Stat. § 537.080.

Novartis's 12(b)(1) motion for lack of standing is based on the flawed premise that Plaintiffs are asserting a survival action under Mo. Rev. Stat. § 537.020. Plaintiffs are not. Instead, Plaintiffs assert a claim for wrongful death under Mo. Rev. Stat. § 537.080. *See* First Amended Complaint ("FAC"), Doc. # 15, at ¶¶ 55-57. While Plaintiffs do assert claims of strict liability and negligence, the FAC makes clear that those claims are the substantive legal theories upon which Plaintiffs' wrongful death claim is based. *Id.* at ¶ 57. Plaintiffs, as the children of the Decedent, have standing to sue in their individual capacities under Mo. Rev. Stat. § 537.080, and Novartis does not contend otherwise. Therefore, Novartis's motion for lack of standing should be denied.

## B. The Existence of a Tolling Agreement—the Facts of Which Are Not Before the Court—Precludes Dismissal under Rule 12(b)(6).

When ruling on a motion to dismiss for failure to state a claim, the court must view the allegations in the complaint in the light most favorable to the Plaintiff. *Erler v. Graham Packaging*, 2014 WL 6463338, at *1 (E.D. Mo. 2014). The court must also accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Id.* (citing *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).

Generally speaking, "affirmative defenses such as statutes of limitations must be raised in a responsive pleading and are not appropriate to consider in a motion to dismiss under Rule 12(b)(6)." *Erler*, 2014 WL 6463338, at *3 (citing *Joyce v. Armstrong Teasdale, LLP*, 653 F.3d 364, 367 (8th Cir. 2011)). This is particularly true where resolution of the statute of limitations defense requires the court to make fact-dependent determinations. *See U.S. ex rel. O'Keefe v. McDonnel Douglas Corp.*, 918 F. Supp. 1338, 1345 (E.D. Mo. 1996) (denying motion to dismiss

where factual dispute about notice existed); *Tracy v. Telemetrix, Inc.*, 2016 WL 338229, at *1 (D. Neb. 2016) (same, citing multiple supporting cases in the Eighth Circuit).

Resolution of a statute of limitations defense is particularly inappropriate where, as here, there is a tolling agreement between the parties, and the defense turns on the application of that agreement to the facts of the case. For example, in *Tonge v. Novartis Pharmaceuticals Corporation*, the court recently rejected a similar motion to dismiss on statute of limitations grounds brought by Novartis. *See* 2020 WL 3000681, at *2 (M.D. Fla. 2020). The court reasoned that, among other things, the existence of a tolling agreement between the parties precluded a resolution of Novartis's statute of limitations defense under Rule 12(b)(6): "Plus, Plaintiff raises a potential possible tolling agreement between the parties. At bottom, Defendant's statute of limitations argument is better suited for summary judgment." *Id.*

Here, Novartis concedes in its motion that the parties did in fact enter into a tolling agreement. Def. Br. at p. 12 n.17. Novartis then—without attaching the tolling agreement or presenting any evidence (which, of course, would be inappropriate to do on a motion to dismiss)—contends that Plaintiffs' claims have expired notwithstanding the tolling agreement. *Id.* As in *Tonge,* this factual dispute cannot be resolved on a motion to dismiss, and must be deferred until, at a minimum, summary judgment. Therefore, Novartis's motion must be denied.[1]

## CONCLUSION

For these reasons, Novartis's motion should be denied in full.

---

[1] While the FAC does not assert the date of the Decedent's death, the original complaint did reference a death date of August 2, 2016. For the purposes of this motion, Plaintiffs do not dispute that this is the date of death, but, as described above, this does not resolve the statute of limitations issue because of the existence of the tolling agreement. The terms of that agreement and its application require extrinsic evidence, which is not appropriate to be considered on a motion to dismiss. *Erler,* 2014 WL 6463338, at *2.

Dated: January 11, 2021                    Respectfully submitted,

*/s/James G. Onder*
James G. Onder, #38049
OnderLaw, LLC
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
onder@onderlaw.com
(314) 963-9000 Telephone
(314) 963-1700 Facsimile

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 11, 2021, a copy of the foregoing was served on all counsel of record via the Court's CM/ECF case management system.

*/s/ James G. Onder*